IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PAUL M. MUATHE and
DONALD M. MUATHE,

        Plaintiffs,

v.                                          Case No. 14-2147-JTM

GOVERNMENT NATIONAL
MORTGAGE ASSOCIATION,
et al.,

        Defendants.

MEMORANDUM AND ORDER

Acting pro se, plaintiffs Paul and Donald Muathe originally filed a petition in Johnson County District Court on February 21, 2014, seeking a quiet title to real estate property in Shawnee, Kansas. On March 28, 2014, the Government National Mortgage Association (GNMA) removed the case to the U.S. District Court for the District of Kansas. The plaintiffs filed a Motion to Remand to State Court (Dkt. 10) on April 24, to which all named defendants have responded. Defendants M&T Bank Corporation and Bank of America, N.A. have each filed a separate motion to dismiss, to which the plaintiffs have failed to timely respond.[1] The court is prepared to rule on the motions.

**I. Factual Background**

The plaintiffs seek a quiet title to real estate property located at 7518 Anderson Street, Shawnee, Kansas 66227. In their petition, they state that Paul Muathe executed a note with defendant Bank of America on July 15, 2009, which was secured by a

---

[1]*See* Dkts. 5 & 8.

mortgage on this property. The plaintiffs claim that they are ready and willing to perform the contract, but they are concerned that they may be "making payments for the benefit of the wrong party due to possible cloud on the title . . . ."

The plaintiffs worry about "the possibility of an unperfected chain of title transfers" in any securitization of the mortgage by Bank of America. Specifically, the plaintiffs are apprehensive about the potential failure to provide "delivery receipts at each and every step of the securitization process." As a basis for their concerns of a cloud on the title, the plaintiffs cite their research about Bank of America's "much publicized mortgage documentation fraud and illegal securitization dealings . . . ." Noting that no assignments have been recorded on the subject matter property mortgage loan documents, the plaintiffs fear that a cloud may exist on the property title, and they refuse to continue making payments to "unknown, hidden, wrong or undisclosed holders in due course with no proper recorded legal standing and no perfected chain of title transfer."

As a result of these fears, the plaintiffs demand that the defendants produce the "original wet ink signed mortgage and promissory note," securitization documentation, and "each and every intervening agreement between any and all parties . . . ." If these documents are not produced, the plaintiffs seek a quiet title to the property.

## II. Motion to Remand

The plaintiffs filed a motion asking the court to remand this case to state court. They argue that this court has no federal question jurisdiction, as the claims are based solely on state law and seek state law remedies. They also argue that the court lacks

diversity jurisdiction because the claims fail the $75,000 damages threshold. Citing 28 U.S.C. § 1446(b)(2)(A), the plaintiffs also argue that GNMA's removal was improper because it failed to secure consent to removal from all other defendants. The plaintiffs' arguments rest on flawed assumptions, as the court explains below.

*A. Jurisdictional Concerns*

Although diversity or federal question jurisdiction is generally required in all cases, this case presents an exception to the general rule. The United States and its agencies may remove any action brought under 28 U.S.C. § 2410. 28 U.S.C. § 1444 (2012). Although the pro se plaintiffs do not identify it as such, this case is brought against the GNMA, a United States agency, under 28 U.S.C. § 2410. Section 2410 is the only section authorizing a civil action against the United States or its agencies in state court to quiet title to real property. The plaintiffs identify their quiet title action as stemming from KAN. STAT. ANN. § 60-1002. However, a case brought against the GNMA based solely on Kansas law would fail, as the federal agency would be entitled to sovereign immunity. To clear that hurdle, the court must construe the action as one brought under § 2410, which waives sovereign immunity in quiet title cases. As a § 2410 action brought against a United States agency, the agency can remove the action to federal court under § 1444. The GNMA properly identified § 1444 as the basis for removal here.

Section 1444 gives the United States a substantive right of removal that is independent of jurisdictional limitations. *See Hood v. United States*, 256 F.2d 522, 525 (9th Cir. 1958). The judicial power of the federal courts extends to any case in which the

3

United States is a party. U.S. CONST. art. III, § 2, cl. 2. Additionally, other statutes give the United States the right to remove cases without regard to the amount in controversy. *See* 28 U.S.C. §§ 1442, 1442a & 1443. Section 1444 falls within this family of statutes. As a result, there is no defect in this court's subject matter jurisdiction over the case.

*B. Unanimous Consent from Other Defendants*

The plaintiffs also argue that the GNMA must obtain consent from the other defendants before removing this case. The plaintiffs rely on 28 U.S.C. § 1446(b)(2)(A), which states: "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."

As the court established above, this civil action was not "removed solely under section 1441(1)." The GNMA removed the case by relying on § 1444, which does not require consent by other defendants. Section 1444 states that "[a]ny action brought under section 2410 of this title against the United States in any State court *may be removed* by the United States to the district court of the United States for the district and division in which the action is pending." 28 U.S.C. § 1444 (emphasis added). "Congress has used the passive term '*may be removed*' together with identification of particular defendants to permit those defendants to remove certain types of cases without obtaining consent of other defendants." *Alban v. Exxon Mobil Corp.*, Nos. MJG-06-3098—MJG-06-3176, 2006 WL 6161862, at *2 (D. Md. Dec. 27, 2006) (emphasis added). The

language of § 1444 does not require the United States or its agencies to obtain consent of the other defendants before removing the case to federal court.

The plaintiffs' motion to remand relies on general rules that are not applicable in this case. Section 1444 allows the GNMA to remove the case to federal court without consent from the other defendants and without meeting the hurdles of diversity or federal question jurisdiction. As a result, the court denies the plaintiffs' motion to remand.

**III. Motions to Dismiss**

M&T Bank and Bank of America filed separate motions to dismiss that rely on the same substantive arguments, namely that the Muathes fail to state a claim and that plaintiff Donald Muathe lacks standing for his claim. Accordingly, the court's analysis for the two motions is combined here. M&T Bank filed its Motion to Dismiss (Dkt. 5) on April 4, 2014, and Bank of America filed its Motion to Dismiss (Dkt. 8) on April 7.[2] This court requires a response to a motion to dismiss to be filed within twenty-one days of service of the motion. D. Kan. Local Rule 6.1(d)(2). The plaintiffs have not filed a response to either motion, and the deadline for doing so was weeks ago. The court holds that the plaintiffs' claims should be dismissed for failure to state a claim, so it does not need to address Donald Muathe's standing.

---

[2]Bank of America originally filed its motion in Johnson County District Court on March 18, 2014, but the date of its renewal in federal court is used here for purposes of the response deadline.

*A. Legal Standard: Rule 12(b)(6) Failure to State a Claim*

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must give the defendant adequate notice of what the plaintiff's claim is and the grounds of that claim. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

"In reviewing a motion to dismiss, this court must look for plausibility in the complaint . . . . Under this standard, a complaint must include 'enough facts to state a claim to relief that is plausible on its face.' " *Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1223–24 (10th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (clarifying and affirming *Twombly*'s probability standard). The "mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). "The issue in resolving a motion such as this is 'not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims.' " *Bean v. Norman*, No. 008-2422, 2010 WL 420057, at *2, (D. Kan. Jan. 29, 2010) (quoting *Swierkiewicz*, 534 U.S. at 511).

The court must construe pro se pleadings liberally, but "it need accept as true plaintiff's well-pleaded contentions, not his conclusory allegations." *Loggins v. Cline*, 568 F. Supp. 2d 1265, 1268 (D. Kan. 2008). It is not "the proper function of the district court to assume the role of advocate for the pro se litigant," and the court should not "construct arguments or theories for the plaintiff" or "supply additional factual allegations to round out a plaintiff's complaint." *Shelby v. Mercy Regional Hospital*, 2009 WL 1067309, at *2 (D. Kan. April 21, 2009). Moreover, pro se litigants are subject to and must follow procedural rules governing all litigants. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 2002). Even a pro se plaintiff bears the burden of alleging "enough facts to state a claim to relief that is plausible on its face." *Bafford v. Pokorski*, 2008 WL 2783132, at *3 (D. Kan. July 17, 2008).

*B. Analysis*

The defendants argue that the plaintiffs can only maintain an action for quiet title if one of the defendants tries to enforce a lien or if a lien on the property ceases to exist. They point out that the complaint alleges neither of these scenarios, so it fails to state a claim under Kansas law. The court agrees.

Kansas allows the owner of a property to maintain a quiet title action "[w]hen a lien on property has ceased to exist, or when an action to enforce a lien is barred by a statute of limitation or otherwise . . . ." KAN. STAT. ANN. § 60-1002(b). In their complaint, the plaintiffs do not assert either of these conditions. They do not allege that any defendant—or any entity, for that matter—has attempted to enforce a lien. The plaintiffs allege that Paul Muathe executed a valid note and mortgage in favor of Bank

7

of America, giving it a lien on the property. The plaintiffs do not allege that Bank of America has assigned this lien, nor do they allege that it has attempted to enforce the lien. The plaintiffs also do not allege that the lien on the property ceased to exist at any time. Rather, the plaintiffs express only a concern that there might be a "possible cloud on the title," citing "the involvement of Mortgage Electronic Registration Systems Inc.'s. [sic]" The plaintiffs do not specifically explain why this company's involvement piqued their interests.

The plaintiffs explain that their concerns about a clouded title also rest on "research based of [sic] defendant(s) [sic] much publicized mortgage documentation fraud and illegal securitization dealings . . . ." They assert that "financial institutions have recently been known to fill [sic] false 'lost mortgage/note affidavits' as a way to conceal the unknown, unraveled and shady behind the scene securitization dealings." Finally, the plaintiffs state that there are no recorded assignments on the subject matter property mortgage loan documents.

Presumably, the plaintiffs are worried about their mortgage loan being securitized, a process in which the bank sells its interest in a mortgage and the mortgage gets bundled with others and sold as part of a security. Essentially, the plaintiffs argue that because they have read about Bank of America's prior bad securitization behavior, they are concerned that their mortgage might end up in the same situation with an incomplete chain of title transfer. This worry is probably natural for anyone who has lived through the wake of the recent economic turmoil in this country, in which securitized mortgages played a prominent role. However, the

plaintiffs do not even allege that Bank of America has securitized their mortgage. After stating that Paul Muathe entered into an agreement with Bank of America, the plaintiffs do not allege *any* action by *any* of the defendants. Their assertion that there are no recorded assignments on the mortgage is unhelpful because this fact is as consistent with the conclusion that no assignments have been made as it is with the conclusion that the title is now suspect. The plaintiffs' fear, without any facts in support, cannot establish a claim. Simply put, the plaintiffs' concerns are inadequate to state a plausible legal claim for relief.

The plaintiffs have failed to state a claim for quiet title under KAN. STAT. ANN. § 60-1002. They do not allege that a lien has ceased to exist, nor do they allege that anyone has attempted to enforce a lien on the property. The court grants the motions to dismiss the complaint for failure to state a claim against M&T Bank and Bank of America.

IT IS THEREFORE ORDERED this 14th day of May, 2014, that the plaintiffs' Motion to Remand to State Court (Dkt. 10) is denied.

IT IS ALSO ORDERED that M&T Bank's Motion to Dismiss (Dkt. 5) and Bank of America's Motion to Dismiss (Dkt. 8) are granted.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE